UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BINYAMIN PINKUS, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 10858 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| SIRIUS XM RADIO INC., | ) | |
| | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DIALAMERICA MARKETING, INC., JNET COMMUNICATIONS LLC d/b/a SERVICOM LLC, THE RESULTS COMPANIES LLC, CAREER HORIZONS, INC. d/b/a TELESERVICES DIRECT, IPACESETTERS, LLC, and CONVERGYS CORPORATION f/k/a STREAM INTERNATIONAL, INC., | ) ) ) ) ) ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Binyamin Pinkus sued Sirius XM Radio, Inc. ("SiriusXM"), alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Doc. 1. SiriusXM answered and brought third-party indemnification claims against several companies that made telemarketing calls for it. Doc. 11. One of the third-party defendants, DialAmerica Marketing, Inc., has moved to dismiss the third-party claims against it on jurisdictional grounds and, in the alternative, for *forum non conveniens*. Doc. 59. The motion is granted.

**Background**

Because DialAmerica has moved to dismiss on jurisdictional grounds and for *forum non conveniens* rather than on the merits, the relevant background includes not only the third-party complaint, but also the evidentiary materials submitted by both sides. Because no party has

1

requested an evidentiary hearing, the court must accept SiriusXM's undisputed factual averments and must resolve all genuine factual disputes in its favor. *See uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010); *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003); *Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1245 (7th Cir. 1990); *Saylor v. Dyniewski*, 836 F.2d 341, 342 (7th Cir. 1988).

In November 2016, Pinkus brought this suit against SiriusXM, alleging that it violated the TCPA—in particular, 47 U.S.C. § 227(b)(1)(A)(iii)—when it attempted to solicit him by calling his cell phone using an automated telephone dialing system ("ATDS") and prerecorded messages. Doc. 1 at ¶¶ 10, 19. As permitted by Federal Rule of Civil Procedure 14(a)(1), SiriusXM filed a third-party complaint against six vendors with whom it had contracted to make sales calls. Doc. 11.

Relevant here, SiriusXM alleges that DialAmerica breached its contractual duties to SiriusXM by failing to "indemnify and hold SiriusXM harmless" against Pinkus's claims. Doc. 11 at ¶ 105. SiriusXM's Master Services Agreement ("MSA") with DialAmerica required DialAmerica to "comply with all applicable Federal, state and local laws and regulations in connection with the performance of its obligations under this Agreement." *Id*. at ¶ 30. The MSA's indemnification clause required DialAmerica to:

> indemnify, defend and hold SiriusXM harmless from and against all claims, suits, actions, damages, settlements, liabilities, losses, expenses and costs arising out of, in connection with or based upon … any breach of this Agreement, including breach of any obligation, duty, representation or warranty made herein, or … the willful misconduct or negligence of DialAmerica.

*Id*. at ¶ 37 (brackets omitted). The MSA's choice of law and forum selection clause stated: "This Agreement shall be governed by and construed in accordance with the laws of the State of New

York, without regard to its choice of law rules. Each Party hereby submits to the exclusive jurisdiction of courts located in the State of New York." Doc. 60-1 at ¶ 13.3.

## Discussion

DialAmerica argues that the MSA's forum selection clause, which identifies New York as the exclusive forum for disputes arising under the MSA, mandates dismissal of SiriusXM's third-party claims against it on *forum non conveniens* grounds. Doc. 60 at 11-15. DialAmerica also contends that SiriusXM's third-party claims are unripe and, alternatively, that the court should relinquish jurisdiction over them under 28 U.S.C. § 1367(c). *Id*. at 15-21. Although questions of subject matter jurisdiction generally must be resolved prior to other issues, the Supreme Court has carved a narrow exception, holding that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (internal quotation marks omitted). Among those threshold grounds is *forum non conveniens*. *See id*. at 431-32; *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008). The court exercises its discretion to begin with *forum non conveniens*.

If a valid forum selection clause governs a dispute, it should be "given controlling weight in all but the most exceptional cases," and "the party defying the forum-selection clause … bears the burden of establishing that [dismissal] is unwarranted." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) (first brackets in original, second brackets added). SiriusXM does not dispute that the MSA's forum selection clause is valid as a general matter, nor does it dispute that if it had sued DialAmerica as a first-party plaintiff, the clause would govern. SiriusXM argues instead that because Pinkus, not it, chose this forum, Rule 14(a)—which permits a defendant to file a complaint as a third-party plaintiff against a non-

3

party, which then becomes a third-party defendant—overrides the forum selection clause and permits its third-party claims against DialAmerica to proceed in this District as part of this case. Doc. 76 at 10-17.

In support, SiriusXM cites cases for the proposition that third-party defendants generally have no right to object to venue. Doc. 76 at 10-13. Those cases are inapposite; DialAmerica does not assert that venue is improper under 28 U.S.C. § 1391, but rather that it and SiriusXM have specifically agreed to a different forum for MSA-related disputes between them. Doc. 78 at 9. So the court must decide whether DialAmerica may invoke the MSA's forum selection clause where, as here, SiriusXM did not choose this forum but instead was brought here by Pinkus.

In urging the court to answer that question in the negative, SiriusXM relies primarily on *American Licorice Co. v. Total Sweeteners, Inc.*, 2014 WL 892409 (N.D. Cal. Mar. 4, 2014), which held that "Rule 14 overrides venue considerations." *Id*. at *6. In so holding, *American Licorice* acknowledged that "[t]he parties d[id] not cite, nor could the Court find, legal authority that decides the priority between a forum selection clause and a Rule 14 impleader claim." *Ibid*. Absent such authority, the court reasoned that the policy of judicial efficiency underlying Rule 14(a) would be undermined if a forum selection clause could override it. *Ibid*.

DialAmerica cites several decisions that reach the opposite result and enforce forum selection clauses invoked by third-party defendants against third-party plaintiffs. *See*, *e.g.*, *Global Quality Foods, Inc. v. Van Hoekelen Greenhouses, Inc.*, 2016 WL 4259126, *5 (N.D. Cal. Aug. 12, 2016) (expressly rejecting *American Licorice*); *Robrizine v Big Lots Stores, Inc.*, 2016 WL 3459733 (N.D. Ill. June 24, 2016). The court agrees with those decisions. Although judicial efficiency is important, the Supreme Court has instructed that forum selection clauses should be enforced "in all but the most exceptional cases." *Atl. Marine Const. Co.*, 134 S. Ct. at

581. And because "[c]onsiderations of judicial economy alone do not permit [courts] to ignore a presumptively valid forum selection clause," *Global Quality Foods, Inc.* 2016 WL 4259126 at *5 (internal quotation marks omitted); *see also Premiere Radio Networks, Inc. v. Hillshire Brands Co.*, 2013 WL 5944051, *3 (C.D. Cal. Nov. 4, 2013), a forum selection clause is enforceable even when invoked by a third-party defendant against a third-party plaintiff.

This conclusion finds support in *Publicis Communication v. True North Communications, Inc.*, 132 F.3d 363 (7th Cir. 1997). After the plaintiff in *Publicis* brought suit in the Northern District of Illinois, the defendant filed compulsory counterclaims under Rule 13(a). *Id*. at 365. Due to the nature of the claims and counterclaims, the forum selection clause in the parties' contract required the counterclaims, but not the claims, to be brought in Delaware. *Ibid*. The Seventh Circuit held that the counterclaims, despite their compulsory nature, had to be brought in a separate action in Delaware. *Ibid*. The court explained: "By agreeing to litigate in Delaware all claims arising out of requests under § 1.1 of the pooling agreement, [the defendant] promised not to assert such claims in other forums whether or not they would be 'compulsory' counterclaims … ." *Id*. at 366.

*Publicis* dealt with compulsory counterclaims under Rule 13(a), but its reasoning applies with equal force to third-party claims under Rule 14(a). Indeed, *Publicis* may apply with greater force here, as SiriusXM could have pursued its indemnification claims against DialAmerica in New York, the contractually negotiated forum, without running afoul of any Rule-based preclusion doctrine such as the one imposed by Rule 13(a). *See Hartford Acc. and Indem. Co. v. Sullivan*, 846 F.2d 377, 381 (7th Cir. 1988) ("A defendant who fails to plead a compulsory counterclaim in a federal suit may be barred from bringing a state suit based on the same claim. Thus, the filing of such a counterclaim, *unlike the filing of a third-party claim*, is in a sense

5

involuntary.") (emphasis added and citation omitted). Pursuing an indemnification claim in a separate action is altogether common in the related context of insurance coverage suits; defendants sued in one action often bring suit against their insurers in a separate action rather than seeking to add the insurers as third-party defendants in the underlying action. *See* 2 Law and Prac. of Ins. Coverage Litig. § 15.5 ("In the insurance context, however, the[] recognized benefits of third-party practice often are overwhelmed by practical concerns. For example, a policyholder considering whether to implead its insurer must weigh the effect this could have on the plaintiff's claim and the plaintiff's attitude toward settlement.").

So the forum selection clause is valid, governs SiriusXM's third-party claims against DialAmerica, and is not defeated by Rule 14(a). That does not end the matter, for even where a forum selection clause governs, the court must consider whether the traditional public interest factors override the clause. *See Atl. Marine Const. Co.*, 134 S. Ct. at 582. The public interest factors are "administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law," *id*. at 581 n.6 (brackets omitted), as well as "the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law … and the unfairness of burdening citizens in an unrelated forum with jury duty," *Fischer v. Magyar Allamvasutak Zrt.*, 777 F.3d 847, 868 (7th Cir. 2015).

The court congestion factor weighs against enforcing the forum selection clause. DialAmerica is the only one of the six third-party defendants in this case to have sought dismissal on *forum non conveniens* grounds. Assuming that Sirius XM's third-party claims proceed here against the five other third-party defendants, DialAmerica's presence likely would little, if any, marginal burden on this court. By contrast, if the court dismisses the third-party

6

claims against DialAmerica, SiriusXM would have to file an entirely new action in New York, which would slightly increase congestion in New York while not alleviating any congestion here.

The local interest in deciding localized disputes factor favors enforcing the forum selection clause. Both SiriusXM and DialAmerica are incorporated in Delaware, and their principal places of business are in New York and New Jersey, respectively. Doc. 11 at ¶¶ 10-11. The alleged injury to SiriusXM is a breach of contract occasioned by DialAmerica's failure to indemnify it. Although events in Illinois (telephone calls received by Pinkus) led to Sirius XM's injury, that particular injury has no material connection to Illinois. And because SiriusXM is located in New York, it was injured there.

The next two factors—"the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action," and "the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law," *Fischer*, 777 F.3d at 868; *see also Volodarskiy v. Delta Airlines, Inc.*, 784 F.3d 349, 353 (7th Cir. 2015)—also favor enforcing the forum selection clause. As noted, the MSA provides that it shall be "governed by and construed in accordance with the laws of the State of New York." Doc. 60-1 at ¶ 13.3. Because New York law applies, the public interest favors a New York forum. *See McClennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 425 (5th Cir. 2001) (holding that the public interest favors keeping a case in the jurisdiction whose law applies in light of that jurisdiction's interest in enforcing its own laws).

The jury duty factor is neutral. Should SiriusXM's third-party claims against DialAmerica remain here, only one jury would be necessary to resolve this entire case if it went to trial, while if those third-party claims are dismissed and SiriusXM sues DialAmerica in New York, a second jury might be required. That said, New York has the stronger interest in the

Sirius XM's claims against DialAmerica for the reasons stated above, so an Illinois jury should not be burdened with resolving those claims. This factor does not weigh for or against enforcing the forum selection clause.

In sum, one public interest factor weighs against enforcing the MSA's forum selection clause, one is neutral, and the rest favor enforcing the clause. On balance then, the public interest factors favor enforcing the clause and thus dismissing Sirius XM's third-party claims against DialAmerica; at a minimum, it cannot be said that the public interest factors so strongly weigh against dismissal as to overcome the force of the forum selection clause. *See Atl. Marine. Const. Co.*, 134 S. Ct. at 582 ("[The public interest] factors will rarely defeat a [dismissal] motion."); *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 309 (5th Cir. 2016) ("[The public interest] factors justify a refusal to enforce a forum-selection clause only in truly exceptional cases.") (internal quotation marks omitted); *In re Rolls Royce Corp.*, 775 F.3d 671, 682 (5th Cir. 2014) ("In day-to-day operation the public interest factors will seldom impede enforcement.").

## Conclusion

For the foregoing reasons, DialAmerica's motion to dismiss is granted, and SiriusXM's third-party claims against DialAmerica are dismissed for *forum non conveniens*. Had SiriusXM argued in the alternative that its third-party claims against DialAmerica should be transferred to federal court in New York under 28 U.S.C. § 1404(a) rather than dismissed for *forum non conveniens*, on the ground that the MSA's forum selection clause allows suit to be filed in any state *or* federal court in New York, the court might have obliged. But SiriusXM made no such argument, which accordingly is forfeited. *See Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("Milligan did not make that argument … in the district court. His failure to do so forfeits the argument."). The dismissal on forum non conveniens grounds of

SiriusXM's third-party claims against DialAmerica renders it unnecessary to reach DialAmerica's ripeness and supplemental jurisdiction arguments.

May 23, 2017

_____
United States District Judge