## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

-------------------------------------------------------------------X

BINYAMIN PINKUS,

                                                       Civil No: 1:16-cv-10858

                        Plaintiff,               **AMENDED COMPLAINT**
                                                **FOR VIOLATIONS OF THE**
                                                **TELEPHONE CONSUMER**
                                                **PROTECTION ACT**

    -against-

                                                  **DEMAND FOR JURY TRIAL**

SIRIUS XM RADIO, INC.,

                          Defendant.

-------------------------------------------------------------------X

Plaintiff BINYAMIN PINKUS ("Plaintiff"), by and through his attorneys, Marcus & Zelman, LLC, brings this Amended Complaint against the Defendant SIRIUS XM RADIO, INC. (hereinafter referred to as "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.  Plaintiff brings this action on his behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. The TCPA prohibits auto-dialed calls which are placed to a called party's cellular phone without that party's consent. Senator Hollings, the TCPA's sponsor, described these auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall."

*Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255-56 (11th Cir. 2014), *citing,* 137 Cong. Rec. 30,821 (1991).

3. In 1991, Congress responded to these abuses by passing the TCPA. In enacting the TCPA, Congress made findings that telemarketing had become "pervasive due to the increased use of cost-effective telemarketing techniques." *See,* PL 102-243, § 2(1). "Residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Id. § 2(10). The TCPA's findings also reflect Congress's conclusion that "[i]individuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of individuals and permits legitimate telemarketing practices." Id. § 2(9). Consumers who receive these unauthorized calls thus have suffered a distinct privacy-related interest, namely the "intentional intru[sion] . . . upon their solitude or seclusion of their private affairs or concerns." *Intrusion Upon Seclusion*, Restatement (Second) of Torts § 652B (1977).

4. Defendant is in the process of settling a $35,000,000 class action, which alleges the same violations of the TCPA alleged herein. The Plaintiff has opted out of that class action, and elects to pursue his individual claims in this action.

## **PARTIES**

5. Plaintiff is a natural person who resides in Cook County, Illinois.

6. Defendant is a nationwide provider of satellite radio services, and is incorporated in Delaware, with its corporate headquarters and principal place of business located at 1221 Avenue of the Americas, New York, New York 10020.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS OF FACTS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, Defendant began its campaign of attempting to communicate with the Plaintiff to solicit his business by calling Plaintiff's cellular telephone phone number of 773-724-1128 via the use of an automated telephone dialing system, predictive dialers and prerecorded voice messages.

11. Upon information and belief, the Defendant was calling Plaintiff in an attempt to solicit business and encourage the Plaintiff to subscribe to its satellite radio services in exchange for a monthly subscription payment.

12. Upon information and belief, the Defendant also hired outside vendors to place calls, on Defendant's behalf and at Defendant's behest, to the Plaintiff's cellular phone number of (559) 202-9319.

13. Upon information and belief, Plaintiff never gave the Defendant express written consent to call his cellular phone via the use of an automated telephone dialing systems and prerecorded voice messages.

14. Defendant called from multiple phone numbers including the phone number of 855-378-6697 on such dates as October 29, 2014 and January 07, 2015 and from the

phone number of 630-405-6130 on such dates as April 11, 2014 and June 13, 2014.

15. Other numbers Defendant used to call the Plaintiff included 773-279-5368, 872-484-1719, 773-321-3588, 877-463-5346, 773-828-5501, and 603-405-6130.

16. Plaintiff is the customary and sole user of the cellular phone number (773) 724-1128, and has been the customary and sole user of that phone number at all times relevant hereto.

17. On many occasions, the Defendant would leave a pre-recorded message on Plaintiff's voicemail.

18. The calls made to Plaintiff, were placed *en masse* using "predictive dialing" technology, which automatically places calls without human intervention until the called party answers the call, at which time such automatic dialer attempts to connect the called party with a human representative

19. Defendant's use of an automated telephone dialing system was clearly indicated by the fact that no customer service representative was on the line when the Plaintiff would answer the Defendant's calls. Instead, there would be a delay after the Plaintiff answered the phone until a customer service representative would come on the line. Sometimes when Plaintiff answered the calls from Defendant and its vendors, the line would be silent with no customer service representative at all.

20. Indeed, in August of 2016 – well after the majority of the calls placed by Defendant and its vendors to Plaintiff - Defendant entered into a class action settlement agreement, wherein it *inter alia,* committed to requiring its dialer vendors to use PBX dialers that are not related to predictive or automated dialing. *See, e.g.,* https://www.siriusxmtcpasettlement.com/Content/Documents/Settlement%20Agre

*ement.pdf*, page 7.

21. Defendant specifically used an automated telephone dialing system to call Plaintiff on at least a hundred (100) occasions from 2014 onward.

22. Upon information and belief, Plaintiff has been called on at least eighty different Sirius XM accounts – none of which he signed up for – receiving at least three calls on each.

23. By placing auto-dialed calls and prerecorded voice messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service.

24. Plaintiff suffered actual damages because the Defendant's calls to his cell phone deprived him of the use of his cellular phone during the times that the Defendant was calling his cellular phones, depleted battery life of his cellular telephone, and by invading on the Plaintiff's right to privacy and seclusion (the very harm that Congress sought to prevent).

25. The Defendant's repeated calls further caused the Plaintiff to be harassed, stressed, frustrated and annoyed. The Defendant's repeated calls further interrupted the Plaintiff's day and wasted the Plaintiff's time spent answering and otherwise addressing these repeated phone calls text messages.

26. Defendant's communication efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

27. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and

is entitled to damages in accordance with the TCPA.

## FIRST CAUSE OF ACTION

28. Plaintiff repeats and incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(b) *et seq.*

30. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

31. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq.* Plaintiff is entitled to an award of treble damages $1,500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.


## DEMAND FOR TRIAL BY JURY

32. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants as follows:

    A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all texts placed to the Plaintiff's cellular phone;

    B.     Plaintiff requests enhanced trebled damages of $1,500 to be awarded

to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

        C.     For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated: April 23, 2018

                    Respectfully submitted,


                    By: /s/ Yitzchak Zelman _____
                    Yitzchak Zelman, Esq.
                    MARCUS & ZELMAN, LLC
                    1500 Allaire Avenue, Suite 101
                    Ocean, New Jersey 07712
                    Phone:   (732) 695-3282
                    Facsimile: (732) 298-6256
                    Email: yzelman@marcuszelman.com
                    Attorneys for Plaintiff